UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHONTA EBONY-SHAREE
HENDERSON,

    Plaintiff,

    v.   CAUSE NO. 3:24-CV-542-PPS-AZ

THOMAS PATRICK KELLER, and
DAVID FRANSCISCO,

    Defendants.

OPINION AND ORDER

Shonta Ebony-Sharee Henderson, a prisoner without a lawyer, filed a complaint suing her State court judge and public defender. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Henderson alleges she is uncomfortable with public defender Thomas Patrick Keller who represents her in a State court proceeding. She sues him for monetary damages to compensate her for emotional distress and asks that he be replaced with a different public defender. Henderson also sues Judge David Franscisco who presides over her State court proceeding. She sues him for monetary damages because he would

not appoint her a different public defender. She asks that he be replaced with a different judge.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). However, a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, the complaint does not state a claim for monetary damages against Thomas Patrick Keller.

As for Judge Franscisco, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Ruling on a request for appointed counsel is within the jurisdiction of Judge Franscisco; so, he cannot be sued for monetary damages.

As for injunctive relief to replace Henderson's State court judge and public defender, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971), requires me to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

2

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, this case is legally frivolous. *See Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) ("A claim is legally frivolous if it is 'based on an indisputably meritless legal theory.'" *quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:  July 8, 2024.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
